Sam Perry Robinson and Lollie Latham Robinson v. Commissioner.
Robinson v. Commissioner
Docket No. 73297.
United States Tax Court
T.C. Memo 1960-245; 1960 Tax Ct. Memo LEXIS 45; 19 T.C.M. (CCH) 1374; T.C.M. (RIA) 60245; November 21, 1960
*45 Petitioners purchased real property in 1947 which they used as their residence until October or November 1950. They rented the property from February 1951 until it was sold on February 5, 1952. The sale price of the property was $13,000. There is no evidence that the fair market value of the property at the time it was converted to rental property exceeded $13,000 by more than $1,000. Held, that, whether any possible loss is to be treated as a capital loss or an ordinary loss, there is no evidence supporting a carry-over of any part of such loss to 1953 or 1954. Sam P. Robinson, pro se, Box 187, Seabrook, Tex., Robert I. White, Esq., for the respondent. FISHER
FISHER, Judge: This proceeding involves deficiencies in income tax determined by the respondent against petitioners as follows: Year
Tax
Deficiency
1953
Income
$258.28
1954
Income
214.41
The basic question presented is whether or not petitioners have met the burden of proving a loss in 1952 in excess of $1,000 resulting from the sale of real property originally used by them for residence purposes and converted to rental purposes from February 1951, to the date of sale in February of 1952. Petitioners, who reside at Seabrook, Texas, were husband and wife at all times relevant to this proceeding and filed their joint income tax returns for the taxable years 1952, 1953, and 1954, on the cash receipts and *47 disbursements method of accounting with the district director of internal revenue, Austin, Texas. Petitioners purchased real property at 1009 South Johnstone Street, Bartlesville, Oklahoma, for $10,000 on May 27, 1947, and used this property as their personal residence from May 27, 1947, until they moved from Bartlesville to LaPorte, Texas, in October or November 1950. They made improvements on the property. The total cost of the property, including improvements, did not exceed $16,650. From four to six weeks prior to petitioners' removal from Bartlesville, Oklahoma, to LaPorte, Texas, petitioners listed the property for sale with Glen Hopkins, a real estate agent in Bartlesville, Oklahoma, advising him that they would sell the property for $16,000. Petitioners received no offers on the property by the date fixed for their removal from Bartlesville, Oklahoma, to LaPorte, Texas. At that time they instructed Hopkins to continue to try to sell and in the meantime to rent the property. During December 1950, pursuant to petitioners' instructions, the real estate agent, Hopkins, rented the apartment in the rear of the main residence on the property for $40 per month. This apartment *48 was rented for two months at this rate. During February 1951, the whole property, including the main residence and the apartment in the rear, was rented for a total of $100 per month. The property was rented at this rate from February 1951 until February 5, 1952, when it was sold. Three months after petitioners' departure from Bartlesville, they advised the real estate agent, Hopkins, that they would accept an offer of $15,000 for the property. During the fall of 1951, petitioners employed Bob Hayes, another real estate agent in Bartlesville, Oklahoma, to attempt to sell the property. Petitioners advised Hayes to obtain and submit to them an offer from any prospective buyer. At this time petitioners terminated their employment of the real estate agent Hopkins. During December 1951, petitioners received an offer to purchase the property in the amount of $13,000. This was the first offer petitioners received on the property since they offered it for sale. The property was sold for $13,000 on February 5, 1952. Petitioners claimed a long-term capital loss of $3,603.75 on the sale of the Bartlesville real property on their joint income tax return filed for the taxable year 1952, *49 of which amount $1,000 was applied to reduce income for the taxable year 1952. The long-term capital loss was computed on petitioners' 1952 return as follows: Cost or other basis of the rental
property - house - at 1009 South
Johnstone Street, Bartlesville, Okla-
homa
$16,650.00
Depreciation allowed or allowable
650.00
$16,000.00
Gross sales price
$13,000.00
Expense of sale
603.75
12,396.25
Loss on sale
$ 3,603.75
Petitioners carried forward the balance of the long-term capital loss claimed for 1952, to wit, $3,603.75, to the taxable years 1953 and 1954, and claimed a deduction of $1,000 for each of these years. Respondent, in his deficiency notice, disallowed the capital loss carry forward from 1952 of $1,000 in each of the years 1953 and 1954 with the following explanation: It has been determined that any loss incurred by you on the sale of the property located at 1009 South Johnstone, Bartlesville, Oklahoma, on February 5, 1952, was fully deductible in 1952 and no carry-over loss is allowable for the years 1953 and 1954. In the alternative, it has been determined that the loss incurred by you on the sale of the property located *50 at 1009 South Johnstone, Bartlesville, Oklahoma, on February 5, 1952, did not exceed $1,000, and that the losses of $1,000 claimed on your income tax returns for the years 1953 and 1954 as a result of this sale are not allowable. There is no evidence that the fair market value of the property at the time it was converted to rental property exceeded $13,000 by more than $1,000. Opinion Taking the view most favorable to petitioners in the light of the facts presented, petitioners' recognized loss under section 23 of the Code of 1939 on the sale of the property cannot be greater than the excess of the fair market value of the property at the time it was converted from residence to rental property over the selling price. ; Regs. 118, sec. 39.23(e)-1; , affirming a Memorandum Opinion of this Court; . Petitioners have offered no helpful evidence of such fair market value, and any capitalization of the rents received from February 1951 to February 1952, would result in a value of less than $13,000. The cost of sale is not sufficient *51 to affect the picture, and it is clear upon such evidence as we have that the fair market value at time of conversion did not exceed the net sale proceeds by more than $1,000. Under the circumstances, whether we regard the loss (assuming there was one) as a business loss under section 23(e)(1), or a loss on a transaction entered into for profit under section 23(e)(2), or a capital loss under section 117, since the amount of the loss established, if any, was less than $1,000, all was deductible in 1952 which is not before us, and there is no unused credit to be carried over to 1953 or 1954. It is clear, also, under the circumstances here presented, that the original cost is immaterial whether it exceeded the net selling price or not. See Heiner v. Tindle; Wood v. Commissioner; Gilbert Wilkes, all supra. Upon the foregoing we must sustain the disallowance for 1953 and 1954 of the claimed carry-overs. For completeness we add that we cannot give consideration to certain exhibits, not in evidence, which petitioner has filed with his brief. Decision will be entered under Rule 50.